IN RE KNIPPER.

(No. C-860575 — Decided September 2, 1987.)

*Fred Mebs,* for appellees.
*Louis W. Blessing, Jr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas, Juvenile Division, Hamilton County. We have *sua sponte* removed this case from the accelerated calendar.

The appellant, Susan Butterworth, has taken the instant appeal from the judgment of the court below granting temporary custody of the subject child, James Knipper, a.k.a. James Raymond Faulkner, to the appellees, James and Nelva Knipper. On appeal, the appellant advances a single assignment of error in which she assails the trial court's refusal to dismiss the appellees' complaint for custody. We find this remonstration to be well-taken but not for the reasons cited by the appellant.

The juvenile court granted temporary custody of the subject child to the appellees in 1977. In 1980, upon petition by the appellees, the probate court issued a final decree of adoption. In 1985, the decree was vacated for a defect in service, and on appeal of that judgment, we affirmed. *In re Adoption of Knipper* (1986), 30 Ohio App. 3d 214, 30 OBR 371, 507 N.E. 2d 436. The appellees, for reasons not demonstrated on the record, subsequently filed a new petition for temporary custody. The court below granted the petition, and the instant appeal ensued.

The abrogation of the adoption decree in probate court did not adversely affect the 1977 determina-

tion of dependency and resultant order of temporary custody. The 1977 order granting temporary custody of the subject child to the appellees remains in full force and effect. We, therefore, determine that the court below should have dismissed the 1985 action for temporary custody as unnecessarily duplicative of the 1977 proceedings. Temporary custody remains in the appellees. Accordingly, we sustain the appellant's sole assignment of error, reverse the judgment entered below, and remand the matter to the trial court with instructions to enter judgment dismissing the 1985 complaint for custody.

*Judgment accordingly.*

KLUSMEIER, P.J., BLACK and HILDEBRANDT, JJ., concur.